Roger Allan **COX, d/b/a Law Enforcement Ordinance Company and the West Virginia State Penitentiary, Plaintiffs-Appellants,**

v.

**BUREAU OF ALCOHOL, TOBACCO & FIREARMS, DEPARTMENT OF the TREASURY OF the UNITED STATES of America, Defendants-Appellees.**

No. 76–2296.

United States Court of Appeals, Fifth Circuit.

April 13, 1978.

Rehearing Denied May 11, 1978.

268

James W. Smith, Athens, Ga., for plaintiffs-appellants.

John W. Stokes, U. S. Atty., Julian M. Longley, Jr., Robert J. Castellani, Asst. U. S. Attys., Atlanta, Ga., for defendants-appellees.

Before BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

1. Venue objections have been waived by the government.

2. The term "firearm" is defined in 26 U.S.C. § 5845. The weapons included in this definition are typically associated with criminal activity, there being little or no sporting use for

THORNBERRY, Circuit Judge:

Roger Allan Cox, a licensed dealer in automatic weapons, and the West Virginia Penitentiary bring this action against the Bureau of Alcohol, Tobacco and Firearms challenging an ATF ruling that prohibits the Penitentiary from exchanging six automatic weapons for modern, state of the art weapons.[1] The district court held that the ruling was consistent with the National Firearms Act and dismissed the action. We affirm.

In the course of its official duties, the West Virginia Penitentiary has lawfully acquired six automatic weapons, including a 1921 Thompson Submachine Gun. Desiring to obtain more modern and reliable firearms, the Penitentiary contracted with Cox, doing business as Law Enforcement Ordinance Company, to transfer the six machine guns in exchange for newer weapons. As required by the National Firearms Act, any transfer of automatic weapons must be approved by the Bureau of Alcohol, Tobacco and Firearms. The ATF refused to authorize the proposed transfer citing as authority 26 C.F.R. § 179.104 and ATF Ruling 74–8.

The National Firearms Act requires the Secretary of the Treasury to maintain a central registry of all firearms[2] in the United States which are not in the possession or under the control of the United States. 26 U.S.C. § 5841(a). No one may legally possess a firearm that is not registered in the National Registry. Each manufacturer, importer, and maker of firearms is required to register any firearms he manufactures, imports, or makes, and firearms transferred must be registered to the transferee by his transferor. From November 2, 1968 to December 1, 1968, the possessor of an included firearm could have registered the firearm with immunity. Currently,

these weapons. The weapons include sawed-off shotguns, silencers, machine guns, and destructive devices. For purposes of this appeal, it is sufficient to note that the term firearm includes machine guns.

there is no way in which a transferee or possessor can register firearms with the national registry[3] with one exception. That exception is 26 C.F.R. § 179.104, which states:

26 C.F.R. 179.104. Registration of Firearms by Certain Governmental Entities. Any state, any political subdivision thereof, or any official police organization of such a government entity engaged in criminal investigations, which acquires for official use a firearm not registered to it, such as by abandonment or by forfeiture, will register such firearm with the Director by filing Form 10 (firearms), Registration of Firearms Acquired by Certain Governmental Entities and such registration shall become a part of the National Firearms Registration and Transfer Record. The application shall identify the applicant, describe each firearm covered by the application, show the location where each firearm usually will be kept, and if the firearm is unserviceable, the application shall show how the firearm was made unserviceable. This section shall not apply to a firearm merely being held for use as evidence in a criminal proceeding. The Form 10 (firearms) shall be executed in duplicate in accordance with instructions thereon. Upon registering the firearm the Director shall return the original Form 10 (firearms) to the registrant with notification thereof that registration of the firearm has been made.

██ The West Virginia Penitentiary missed the amnesty registration period (November 2, 1968 to December 1, 1968) and subsequently registered the six machine guns in September 1974 under the exception contained in 26 C.F.R. § 179.104 *as if* they were forfeited or abandoned guns.

Ruling 74–8, the challenged ruling on appeal states:

ATF Ruling 74–8.

Advice has been requested whether the Bureau will approve transfer of National Firearms Act weapons by a State or political subdivision (Police department) to a special occupational taxpayer where such firearms were registered in the National Firearms Registration and Transfer Record pursuant to 26 CFR 179.104.

26 CFR 179.104 provides that any State, any political subdivision thereof, or any official police organization of such a government entity engaged in criminal investigations, which acquires for official use a firearm not registered to it, such as by abandonment or by forfeiture, will register such firearm with the Director by filing Form 10 (Firearms), Application for Registration of Firearms Acquired by Certain Governmental Entities, and that such registration shall become a part of the National Firearms Registration and Transfer Record.

The purpose of the above regulation was to permit the limited registration of firearms by certain governmental entities for official use only. 26 CFR 179.104 may not be used as a vehicle to register otherwise unregisterable firearms for the purpose of introducing such firearms into ordinary commercial channels. Accordingly, when registration of firearms by governmental entities are [SIC] approved on Form 10, the form will be marked "official use only." The Bureau will approve subsequent transfers of such firearms only to other governmental entities for official use. Otherwise, such firearms must be destroyed or abandoned to the Bureau.

When this ruling is taken in conjunction with 26 U.S.C. § 5872(b),[4] which is an ex-

---

3. This provision is a response to *Haynes v. United States,* 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). In *Haynes,* the Court held that the previous transferee registration requirements violated the fifth amendment since the registration requirement extended almost exclusively to those in illegal possession of weapons.

4. (b) Disposal. In the case of the forfeiture of any firearm by reason of a violation of this chapter, no notice of public sale shall be required; no such firearm shall be sold at public sale; if such firearm is forfeited for a violation of this chapter and there is no remission or mitigation of forfeiture thereof, it shall be delivered by the Secretary to the Administrator of General Services, General Services Administra-

plicit national policy against the re-sale of forfeited or abandoned firearms, it appears that Ruling 74–8 is perfectly consistent with the policy of the National Firearms Act *as to forfeited or abandoned guns.* The plaintiffs insist, however, that the firearms in question were not forfeited and that therefore § 179.104 does not apply to these guns and Ruling 74–8 goes beyond the purpose of the National Firearms Act. We need not decide this question; since the ruling is consistent as to forfeited guns and it is undisputed that the machine guns in question were registered under the forfeited gun exception, the plaintiffs are now estopped from arguing that the guns were not forfeited.

Accordingly, the district court is AFFIRMED.

---

tion, who may order such firearm destroyed or may sell it to any State, or possession, or political subdivision thereof, or at the request of the Secretary, may authorize its retention for official use of the Treasury Department, or may

transfer it without charge to any executive department or independent establishment of the Government for use by it.

26 U.S.C. § 5872(b).